## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN ITALIAN PASTA COMPANY,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. <u>09-CV-2662</u> CM/DJW |
| ) | |
| TIMOTHY S. WEBSTER   ) | |
| ) | |
| <u>Serve at</u>:   ) | |
| W. Perry Brandt   ) | |
| Bryan Cave LLP   ) | |
| One Kansas City Place   ) | |
| 1200 Main Street, Suite 3500   ) | |
| Kansas City, MO 64105-2100   ) | |
| Defendant.   ) | |

## COMPLAINT

Plaintiff, American Italian Pasta Company ("AIPC"), for its cause of action against Defendant, Timothy S. Webster ("Webster"), states:

## PARTIES

1. Plaintiff AIPC is a publically-traded corporation with its principal place of business at 4100 N. Mullberry Drive, Kansas City, Missouri. AIPC is incorporated in the State of Delaware.

2. Defendant Webster is an individual human person whose residence and domicile are in Johnson County, Kansas. Defendant Webster's residence is located at 3700 W. 65th Street, Mission Hills, Kansas 66208.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff AIPC's claims pursuant to 28 U.S.C. § 1332 in that there is complete diversity of parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because the only defendant resides in this district.

5.      Personal jurisdiction is proper because Defendant Webster resides in this district and is therefore subject to general jurisdiction.

## GENERAL ALLEGATIONS

6.      Beginning in May 1992 and until December 2005, Defendant Webster was employed by Plaintiff AIPC as the President and Chief Executive Officer of AIPC.

7.      On or about June 1, 2005, Plaintiff AIPC and Defendant Webster entered into an Indemnification Agreement.  The Indemnification Agreement is attached hereto as Exhibit A and fully incorporated herein.

8.      The Indemnification Agreement contained mutual promises and was supported by adequate consideration.

9.      In the Indemnification Agreement, and subject to certain exceptions, Plaintiff AIPC agreed to advance expenses in the form of attorney's fees and other costs in the event certain investigations or regulatory, civil, or criminal proceedings were threatened or instigated against Defendant Webster arising from Defendant Webster's conduct in his official capacity as President and Chief Executive Officer of AIPC.  Ex. A, Indemnification Agreement ¶¶ 1, 2, 5.

10.     The Indemnification Agreement provided that Plaintiff AIPC's advancement of attorney's fees and other costs was contingent on receipt by Plaintiff AIPC of a written undertaking by or on behalf of Defendant Webster stating that Defendant Webster would repay all or a portion of amounts advanced if "it shall be determined by a final adjudication of a court or administrative agency having jurisdiction in the matter that Indemnitee is not entitled to indemnification by the Corporation with respect to all or a portion of the advanced Expenses." Ex. A, Indemnification Agreement ¶ 5(c).

11.     In pertinent part, the Indemnification Agreement provided that Defendant Webster would not be entitled to indemnification:

> (v)     on account of Indemnitee's conduct if it is fully adjudged by a court or administrative agency having jurisdiction in the matter, or is admitted by Indemnitee, that such conduct (I) was in bad faith (II) was believed by the Indemnitee to be opposed to the best interests of the corporation, (III) was knowingly fraudulent, false or dishonest, (IV) constituted knowing misconduct, or (V) in a criminal action or proceeding, constituted conduct that the Indemnitee had reasonable cause to believe was unlawful.

Ex. A, Indemnification Agreement ¶ 5(v).

12.     In addition, the Indemnification Agreement provided, in pertinent part, that Defendant Webster would not be entitled to indemnification:

> (vii)  if it shall be determined by a final adjudication of a court, or administrative agency, having jurisdiction in the matter, that such indemnification is not lawful . . .

Ex. A, Indemnification Agreement ¶ 5(vii).

13.     In the mid-2000s, Plaintiff AIPC's finances and accounting came under scrutiny from regulators and shareholders who suspected AIPC's earnings were being inflated and the true financial condition of the company was being concealed.

14.     Eventually, allegations arose that Defendant Webster and other members of AIPC's management had engaged in a scheme to fraudulently inflate Plaintiff AIPC's finances in reports to the Securities and Exchange Commission ("SEC") and the investing public in order to conceal Plaintiff AIPC's true financial condition.

15.     The allegations charged that Defendant Webster had engaged in such conduct from May 2002 through at least December 2004.

16.     Prompted by these allegations, audits, regulatory investigations, regulatory proceedings, civil lawsuits, and eventually a criminal prosecution were instigated relating to the

misreporting of Plaintiff AIPC's true financial condition and began to target Defendant Webster's conduct. These audits, regulatory investigations, regulatory proceedings, civil lawsuits, and eventually a criminal prosecution are hereinafter referred to as the Relevant Proceedings.

17.     On February 26, 2006, and in order to receive advancement of attorney's fees and other costs pursuant to the Indemnification Agreement for the Relevant Proceedings, Defendant Webster executed a written undertaking, which stated as follows:

> I, Timothy S. Webster, hereby undertake to repay all or a portion of amounts advanced on my behalf pursuant to the agreement with American Italian Pasta Company to indemnify me, if a final adjudication of a court or administrative agency having jurisdiction in the matter determines that I am not entitled to indemnification with respect to all or a portion of the amounts advanced.

The Undertaking is attached hereto as Exhibit B and fully incorporated herein.

18.     In consideration of, and reliance on, Defendant Webster's execution of the Undertaking, Plaintiff AIPC advanced attorney's fees and other litigation costs on behalf of Defendant Webster in the Relevant Proceedings.

19.     On September 15, 2008, the United States Attorney for the Western District of Missouri instigated *United States v. Webster*, No. 08-00259-01-CR-W-DGK (W.D. Mo.), by filing a one count Information charging that Defendant Webster "knowingly and willfully conspired and agreed with others . . . to devise a scheme and artifice to defraud holders of [AIPC] securities of the intangible right to the honest services of defendant WEBSTER and other members of [AIPC] management, by means of materially false pretenses, representations, and promises, and to utilize interstate wire communications for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343." The Information is attached hereto as Exhibit C and fully incorporated herein.

20.     The Information further charged that the "principal goal of the conspiracy was to fraudulently inflate the earnings of [AIPC] reported to the SEC and the investing public in order to conceal the true financial condition of [AIPC]."  Ex. C, Information ¶ 11.

21.     The Information charged that Defendant Webster and others engaged in the conspiracy from May 2004 to December 2004.  Ex. C, Information ¶ 12.

22.     The Information contained numerous specific allegations of Defendant Webster's alleged criminal conduct relating to his misreporting and misstatement of Plaintiff AIPC's true financial condition.

23.     On September 15, 2008, the same day the Information was filed, the United States and Defendant Webster filed a Plea Agreement.   A copy of the Plea Agreement is attached hereto as Exhibit D and fully incorporated herein.

24.     In the Plea Agreement, Defendant Webster admitted the truth of all the allegations in the Information.  Ex. D, Plea Agreement ¶ 3.

25.     In the Plea Agreement, Defendant Webster further admitted that he knowingly committed the offense of conspiracy to commit wire fraud.  Ex. D, Plea Agreement ¶ 2.

26.     In the Plea Agreement, Defendant Webster also admitted that he "knowingly and intentionally schemed and conspired with other members of the corporate management of [AIPC] to deprive holders of [AIPC] stock and securities with the intangible right to his honest services by concealing [AIPC's] true financial condition from them and by submitting to the [SEC] materially false reports on [AIPC] financial condition."  Ex. D, Plea Agreement ¶ 3.

27.     The conduct admitted to by Defendant Webster contained in the Information and his Plea Agreement is hereinafter referred to as the "Criminal Conduct."

28.    On October 21, 2009, the Hon. Greg Kays, of the United States District Court for the Western District of Missouri, entered a judgment of guilty against Defendant Webster, sentencing him to 18 months imprisonment.  A copy of the Criminal Judgment is attached hereto as Exhibit E and fully incorporated herein.

29.    Judge Kays necessarily determined, and Defendant Webster admitted, that the Criminal Conduct was made in bad faith.

30.    Judge Kays necessarily determined, and Defendant Webster admitted, that the Criminal Conduct was believed by Defendant Webster to be opposed to the best interests of AIPC.

31.    Judge Kays necessarily determined, and Defendant Webster admitted, that the Criminal Conduct was knowingly fraudulent, false, and dishonest.

32.    Judge Kays necessarily determined, and Defendant Webster admitted, that the Criminal Conduct constituted knowing misconduct.

33.    Judge Kays necessarily determined, and Defendant Webster admitted, that Defendant Webster had reasonable cause to believe the Criminal Conduct was unlawful.

34.    The Criminal Judgment entered by Judge Kays constitutes a final adjudication determining that Defendant Webster is not entitled to indemnification.

35.    Prior to Defendant Webster's conviction, and pursuant to the Indemnification Agreement and the Undertaking, Plaintiff AIPC advanced in excess of $2 million in attorney's fees and other litigation costs on Defendant Webster's behalf in the Relevant Proceedings, all of which were prompted by, arose from, and were on account of Defendant Webster's Criminal Conduct.

36.     Defendant Webster's Criminal Conduct was damaging to Plaintiff AIPC and Plaintiff AIPC's shareholders, causing Plaintiff AIPC to suffer damage to its business reputation, a decrease in its stock value, and to expend millions of dollars in additional monies in excess of those advanced on behalf of Defendant Webster in the Relevant Proceedings.

37.     Defendant Webster has refused to reimburse Plaintiff AIPC for the value of the attorney's fees and other litigation costs Plaintiff AIPC advanced on Defendant Webster's behalf in the Relevant Proceedings, all of which were prompted by, arose from, and were on account of Defendant Webster's Criminal Conduct.

## COUNT I

### Breach of Contract

38.     Plaintiff AIPC incorporates by reference the allegations in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.     This is a cause of action for breach of contract.

40.     Plaintiff AIPC and Defendant Webster entered into an agreement whereby Plaintiff AIPC agreed to advance attorney's fees and other litigation costs on behalf of Defendant Webster as contemplated by the Indemnification Agreement and contingent upon Defendant Webster's promise contained in the Undertaking to repay such attorney's fees and other litigation costs upon a determination that he was not entitled to indemnification.

41.     The agreement was supported by mutual promises and adequate consideration.

42.     At all times, Plaintiff AIPC has fully performed its obligations under the agreement.

43.     Pursuant to the agreement, Plaintiff AIPC advanced over $2 million in attorney's fees and other litigation costs on behalf of Defendant Webster in the Relevant Proceedings, all of

which were prompted by, arose from, and were on account of Defendant Webster's Criminal Conduct.

44.     Pursuant to the Indemnification Agreement, Defendant Webster is not entitled to indemnification for any claims that were prompted by, arose from, or were on account of Defendant Webster's Criminal Conduct, and is not entitled to indemnification in the Relevant Proceedings.

45.     Pursuant to the terms of the Undertaking, Defendant Webster was obligated to reimburse Plaintiff AIPC for all attorney's fees and other litigation costs advanced to him relating to any claims that were prompted by, arose from, or were on account of Defendant Webster's Criminal Conduct, including the Relevant Proceedings.

46.     Defendant Webster has breached the agreement by refusing to repay the amounts advanced by Plaintiff AIPC on Defendant Webster's behalf, as Defendant Webster is obliged to do pursuant to the terms of the Undertaking.

47.     Plaintiff AIPC has suffered injury and has been damaged by Defendant Webster's breach in an amount in excess of $2 million.

48.     Plaintiff AIPC prays that this Court enter judgment in its favor on its breach of contract claim in an amount in excess of $2 million and to be proven at trial; award Plaintiff AIPC all reasonable attorney's fees permitted under the law; award pre- and post-judgment interest on the amount of the judgment; and award any other and further relief as the nature of the case may require and as may be deemed just and equitable.

## COUNT II

## Declaratory Judgment (In the Alternative)

49.     Plaintiff AIPC incorporates by reference the allegations in paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.    This is a cause of action for a declaratory judgment.

51.    Plaintiff AIPC and Defendant Webster entered into an agreement whereby Plaintiff AIPC agreed to advance attorney's fees and other litigation costs on behalf of Defendant Webster as contemplated by the Indemnification Agreement and contingent upon Defendant Webster's promise contained in the Undertaking to repay such attorney's fees and other litigation costs upon a determination that he was not entitled to indemnification.

52.    The agreement was supported by mutual promises and adequate consideration.

53.    At all times, Plaintiff AIPC has fully performed its obligations under the agreement.

54.    Pursuant to the agreement, Plaintiff AIPC advanced over $2 million in attorney's fees and other litigation costs on behalf of Defendant Webster in the Relevant Proceedings, all of which were prompted by, arose from, and were on account of Defendant Webster's Criminal Conduct.

55.    Pursuant to the Indemnification Agreement, Defendant Webster is not entitled to indemnification for any claims that were prompted by, arose from, or were on account of Defendant Webster's Criminal Conduct, and is not entitled to indemnification in the Relevant Proceedings.

56.    Pursuant to the terms of the Undertaking, Defendant Webster is therefore obligated to reimburse Plaintiff AIPC for all attorney's fees and other litigation costs advanced to him relating to any claims that were prompted by, arose from, or were on account of Defendant Webster's Criminal Conduct, including the Relevant Proceedings.

57.    The amount of money Defendant Webster is obligated to reimburse to Plaintiff AIPC exceeds $2 million.

58.     Plaintiff AIPC prays that this Court enter a declaration stating: (1) Defendant Webster is not entitled to indemnification for any claims that were prompted by, arose from, or were on account of Defendant Webster's Criminal Conduct, including the Relevant Proceedings; (2) pursuant to the terms of the Undertaking, Defendant Webster is therefore obligated to reimburse Plaintiff AIPC for all attorney's fees and other litigation costs advanced on his behalf in all regulatory, civil, and criminal proceedings that were prompted by, arose from, and were on account of Defendant Webster's Criminal Conduct, including the Relevant Proceedings; and (3) that Defendant Webster is obligated to reimburse Plaintiff AIPC in an amount in excess of $2 million to be proven at trial.  Plaintiff AIPC also seeks all reasonable attorney's fees permitted under the law; and any other and further relief as the nature of the case may require and as may be deemed just and equitable.

## JURY DEMAND

Plaintiff hereby demands and requests trial by jury of all issues raised that are triable by jury.

## PLACE OF TRIAL

Plaintiff hereby requests that trial be held in Kansas City, Kansas.

Dated: December 23, 2009                     Respectfully submitted,

                                             s/ Michael E. Norton
                                             Michael E. Norton          KS # 17508
                                             Derek T. Teeter            KS # 23242
                                             Husch Blackwell Sanders, LLP
                                             4801 Main Street, Suite 1000
                                             Kansas City, Missouri 64112
                                             (816) 983-8000
                                             (816) 983-8080 (FAX)
                                             michael.norton@huschblackwell.com
                                             derek.teeter@huschblackwell.com


                                             ATTORNEYS FOR PLAINTIFF AIPC