IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08- _____ |
| TIMOTHY S. WEBSTER, | ) ) ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, Gene Porter and Jess E. Michaelsen, Assistant United States Attorneys, and the defendant, Timothy S. Webster ("the defendant"), represented by James M. Cole, Therese D. Pritchard, and W. Perry Brandt, of Bryan Cave LLP.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does waive indictment and plead guilty to a single-count Information charging him with a violation of 18 U.S.C. § 371, that is, conspiracy to commit wire fraud. The Information setting forth the charge is incorporated herein

Exhibit D

by reference. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

Defendant admits that the facts and allegations set forth in the single-count Information are true and correct.

The defendant further admits that during the time period specified in the Information, he knowingly and intentionally schemed and conspired with other members of the corporate management of American Italian Pasta Company (AIPC) to deprive holders of AIPC stock and securities of the intangible right to his honest services by concealing AIPC's true financial condition from them and by submitting to the Securities and Exchange Commission (SEC) materially false reports on AIPC's financial condition.

The defendant further admits that he submitted said false reports to allow a period of time for AIPC's management to try and reverse a decline of the company's financial performance.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2, and may be used in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon his plea of guilty to the single count Information, the maximum penalties the Court may impose are as follows: not more than 5 years of imprisonment, a $250,000 fine, 3 years of supervised release, an order of restitution, and a $100 mandatory special assessment, which sum defendant agrees to pay in full no later than the date of sentencing. The defendant further understands that this offense is a Class D felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

> a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable."
>
> b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.
>
> c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to 3 years; the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed.
>
> d. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 3 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed 3 years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release.
>
> e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.
>
> f. Any sentence of imprisonment imposed by the Court will not allow for parole.
>
> g. The Court may order restitution to be paid to victims of the offense to which he is pleading guilty.

   h. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office.

   i. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

  7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charge in the Information for which it has venue and which arise out of the defendant's employment as the corporate President and Chief Executive Officer of AIPC.

  The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

  The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if additional charges are initiated against him following a breach of this agreement. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations only with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant. The defendant further

-4-

understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Cooperation.** The defendant agrees to cooperate fully and truthfully with the United States as follows:

> a. The defendant agrees to provide all information concerning his knowledge of, and participation in, the offense charged in the Information, and any other crimes about which he has knowledge.

> b. The defendant agrees that he will not falsely implicate any person or entity and will not protect any person or entity through omission or false or misleading information and that all information provided will be truthful, complete and accurate.

> c. The defendant agrees to testify as a witness before any grand jury, hearing, or trial when requested to do so by the United States.

> d. The defendant agrees to hold himself reasonably available for any interviews the United States may require. The defendant waives any right to the presence of counsel at such meetings, debriefings, or pretrial preparation sessions,

although counsel can be present if the defendant so desires. The parties agree that no prior consultation with defense counsel shall be necessary to conduct these meetings, debriefings or interviews, unless his attorney specifically requests such notice.

 e. The defendant agrees to provide the United States with all documents or other items under his control that may pertain to any criminal violations.

 f. The defendant understands that his cooperation shall be provided to any local, state, and federal law enforcement agency deemed appropriate by the United States and that he may be called upon as a witness by any authority that has been provided his cooperation.

 g. The defendant agrees and understands that this plea agreement requires that his cooperation continue even after the time he is sentenced. Failure to continue to cooperate after sentence is imposed constitutes a basis to void this agreement by the United States and will allow the Government to re-institute charges that were previously dismissed or not filed pursuant to this agreement.

 h. The defendant agrees that if the United States determines that he has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and his sentencing, or has otherwise violated any other provision of this plea agreement, or has violated the terms and conditions of his release while on bond as required by the Court, the plea agreement may be voided by the United States and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of his cooperation, or upon leads derived therefrom, and this information may be used as evidence against him. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn. Further, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against the defendant in accordance with this plea agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations only with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant.

 i. The defendant understands and agrees that if he commits a local, state or federal crime (whether a felony or misdemeanor) or violates any conditions of his bond while he is cooperating with the United States, a motion for downward departure might not be filed by the Government on his behalf.

10. **Substantial Assistance.** "Substantial assistance" within the meaning of 18 U.S.C. § 3553(e) has not yet been provided by the defendant. Upon the determination by the United States Attorney for the Western District of Missouri that the defendant has provided "substantial assistance," the United States will request a sentence reduction pursuant to § 5K1.1 of the Sentencing Guidelines. The United States reserves the right to make the sole determination as to whether and when the defendant has provided such substantial assistance and further whether to request a reduction generally or a specific sentence or sentence reduction. In the event the United States does file a motion requesting a sentence reduction based on § 5K1.1 of the Sentencing Guidelines, the parties agree to recommend that the Court use as a starting point for calculating such a reduction either the advisory guideline sentencing range the Court determines is applicable, or the statutory maximum sentence, whichever is lower.

11. **Cooperation Stipulations.** In exchange for the defendant's agreement to cooperate with the United States, the United States agrees not to use new information that the defendant might provide about his own criminal conduct except as specifically authorized by § 1B1.8 of the United States Sentencing Guidelines. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable Guidelines range or departing above his Guidelines range. The defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to U.S.S.G. § 5K1.1 is warranted.

12. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

13. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

>   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable."
>
>   b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2B1.1, which provides for a base offense level of 6.
>
>   c. A 6-level increase in the offense level is applicable pursuant to U.S.S.G. § 2B1.1(b)(2)(C) because more than 250 holders of AIPC stock were victims of the defendant's scheme to deprive them of the intangible right to his honest services by concealing from them the true financial condition of AIPC.
>
>   d. A 4-level increase in the offense level is applicable pursuant to U.S.S.G. § 2B1.1(b)(15)(A) because the offense of conviction involves a violation of securities law and, at the time of the offense, the defendant was an officer of a publicly traded company.
>
>   e. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of

his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility.

f. There is no agreement between the parties regarding the defendant's criminal history category, but the parties believe it is Category I. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office

g. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 12 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty.

h. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range. The United States agrees the defendant may seek a variance below the Guidelines, including a sentence of probation. The agreement not to seek a departure from the Guidelines or non-Guidelines sentence is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable."

i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in an indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

j. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that

he will make during his plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

14. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 13 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing. For example, the parties specifically reserve the right to argue: (a) the applicability of a role in the offense enhancement pursuant to U.S.S.G. § 3B1.1; and, (b) whether and to what extent the Court should increase the offense level based on loss. The parties acknowledge that loss need not be established to a mathematical certainty and can be done through reasonable estimates. The parties also acknowledge that a loss attributable to the defendant's conduct may be difficult to establish.

15. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

16. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

> a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

      b.  comment on the evidence supporting the charges in the information;

      c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

      d.  oppose any post-conviction motions for reduction of sentence, or other relief.

17. <u>Waiver of Constitutional Rights</u>.  The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

      a.  the right to plead not guilty and to persist in a plea of not guilty;

      b.  the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

      c.  the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d.  the right to confront and cross-examine the witnesses who testify against him;

      e.  the right to compel or subpoena witnesses to appear on his behalf; and

      f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial.  The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement.  The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

-11-

18. <u>Waiver of Appellate and Post-Conviction Rights.</u>

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

19. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

21. **Defendant's Agreement to Destruction of Biological Evidence.** In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives his right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in his case. Defendant agrees that all biological evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

22. <u>Defendant's Breach of Plea Agreement</u>. If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

23. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

24. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

25. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Dated: 6/16/08

John F. Wood
United States Attorney

Dated: 06/16/2008

Phillip Eugene Porter
Chief, Fraud and Corruption Unit

Dated: 6/16/08

Jess E. Michaelsen
Assistant United States Attorney

-14-

     I have consulted with my attorneys and fully understand all of my rights with respect to the offense charged in the Information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: 6/13/08

_J. S. Webster_
Timothy S. Webster
Defendant

     We are defendant Timothy S. Webster's attorneys. We have fully explained to him his rights with respect to the offense charged in the Information. Further, we have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. We have carefully reviewed every part of this plea agreement with him. To our knowledge, Timothy S. Webster's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 6/12/08

James M. Cole
Attorney for Defendant

Dated: 6/12/08

Therese D. Pritchard
Attorney for Defendant

Dated: 6-13-08

W. Perry Brandt
Attorney for Defendant

-15-